## Case No. 3,075.

In re COMSTOCK et al.

[9 N. B. R. 88.][1]

District Court, E. D. Michigan. 1874.

BANKRUPTCY — MARSHAL'S ACCOUNTS — VOUCHERS —ATTORNEY'S FEES.

1. Marshals must present vouchers for the items charged in their accounts, or produce satisfactory reasons for the absence of vouchers.

2. A marshal can only be allowed a charge for a store-keeper, not to exceed two dollars

---

[1] [Reprinted by permission.]

and a half per day, on showing the necessity for his employment, the reasonableness of the price paid, and the actual payment to the storekeeper.

3. Petitioning creditors are not allowed, out of the fund, retainer paid their attorneys, or for any services rendered by their attorney after adjudication of the debtor bankrupt.

[In bankruptcy. In the matter of Eugene Comstock and others.]

On the certificate of the register, Hovey K. Clark, Esq., asking instructions as to the allowance of certain items in the assignee's account.

LONGYEAR, District Judge. First. As to the item paid the marshal as messenger, one hundred and eighty-nine dollars and four cents. By the requirement of general order number twelve, the marshal must accompany his return, whenever practicable, with vouchers for all expenditures charged by him. Whenever vouchers are omitted he must state in his return, or produce other testimony of, the reasons for such omission, in order that the court may judge of the practicability of his obtaining vouchers. In this instance no vouchers are produced, and no reasons for the omission are stated in the return. It was stated, however, on the argument before me, that this being a comparatively early case, and the law not being well understood when the business was transacted, vouchers were omitted by oversight of the deputy who did the business, and that so long a time has elapsed that it is now impracticable to obtain vouchers. The court may, no doubt, exercise a discretion in this matter, and upon its being made to appear before the register that the reasons above stated are the true and only reasons for not producing vouchers, or that it was impracticable at the time to obtain them, the register is authorized to act upon the account without insisting upon their production. As to the item charged in the marshal's return, for "storekeeper, twenty-days, at two dollars and a half per day, fifty dollars," I think the rule laid down by Blatchford, J., in Re Lowenstein [Case No. 8,572], is a very proper and judicious one, and the same is adopted by this court. It is this: "The sum actually paid a keeper to watch property in custody, not exceeding two dollars and a half a day, may be taxed, upon satisfactory proof that a prudent precaution, in regard to all concerned in the property, justified the marshal in placing a keeper over it; that the keeper actually continued in charge of it for the time specified, and that the sum charged therefor is reasonable for the service, and has been actually paid by the marsh. ." Upon such proof being made before the register the item must be allowed.

Second. As to the item for cash paid petitioning creditor's attorney's fees and expenses, one hundred and seventy-five dollars; the first item of the attorney's bill being for

retainer, fifty dollars, and the last two items thereof being for expenses, ten dollars, and services, fifteen dollars, attending first meeting of creditors, is disallowed. After adjudication the petitioning creditor has no preference over any other creditor as to allowance of expenses incurred by him in connection with the bankruptcy proceedings. The matter is referred back to the register to proceed therein in accordance with the foregoing decision.